## JOHN CROW, Tutor, &c., *v.* THOMAS M. GRIFFIN.

An objection to the admissibility of parol proof to establish the contents of a lost instrument in writing must be made in the court of the first instance.

A contract by which an heir capable of contracting, sells his entire interest in a succession to an administrator, is not forbidden by law, and is consequently binding on the parties. Such a sale differs from a sale by an administrator to himself through a person interposed.

APPEAL from the District Court of Tensas, *Selby*, J.   *George S. Sawyer*, for plaintiff.   *Stacey* and *Sparrow*, for defendant.   The judgment of the court was pronounced by

CROW<br>*v.*<br>GRIFFIN.

PRESTON, J.  The plaintiff claims for his ward a third of the estate of *Samuel Miller*, deceased.  The evidence leaves no doubt on our minds that *George W. Miller*, the father of the minor, and who was the heir to one-third of *Miller's* estate, sold his interest to *Thomas M. Griffin*, the curator of the estate, for twenty-five hundred dollars.

The testimony was objected to, on the ground that it was offered to prove the sale of real estate by parol; which could not be done.  The testimony shows, that the sale was made in writing; that the instrument had been burnt; and establishes the contents of the writing.  Moreover, it was a sale of an interest in promissory notes, and not of real estate.

It is urged in this court, that it was not proved that the loss of the instrument had been advertised; and, therefore, proof of its contents could not be received.  This objection to the testimony was not made in the district court, and therefore cannot be sustained in this court.

The objection, that *Griffin*, being a curator of the estate, could not purchase the interest of one of the heirs, was fully considered by this court in the case of *Ross* v. *Ross*, 3d Ann. 533.  We adhere to the opinion then expressed, that the sale by an heir of his whole interest in an estate to the administrator, by which the relation between them is terminated, is not prohibited by law.  The case is entirely unlike the sale by an administrator to himself, through a person interposed, of a part of the estate.  On the contrary, it is an agreement between two persons capable of contracting, and upon a subject on which they are not forbidden by law to contract.

The judgment of the district court is therefore affirmed, with costs.